IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRUCE F. MALOTT,

       Plaintiff,

v.                                                                                          CV 12-1146 MV/WPL

NEW MEXICO EDUCATIONAL
RETIREMENT BOARD,

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
THIRD PARTY'S EMERGENCY MOTION FOR EXTENSION OF TIME
TO RESPOND OR OBJECT TO SUBPOENA**

      This matter is before me on the motion for extension of time brought by New Mexico Risk Management Division ("RMD"), a third-party subpoena recipient in this action. (Doc. 23.) The subpoena in question, which was served on RMD by Plaintiff Bruce F. Malott on June 26, 2013, commanded that RMD produce documents or objects pertaining to five lawsuits, any relevant investigations, Malott's potential entitlement to indemnity, and other materials. (Doc. 23 Ex. A at 4.)

      The subpoena demanded that the requested documents and objects be provided to plaintiff's counsel no later than July 15, 2013, at 9:00 a.m. (*Id.* at 1.) However, RMD did not assign counsel to respond to the subpoena until July 12, 2013. (Doc. 23 at 1.) On the afternoon of July 15, RMD filed the instant motion requesting that I extend the deadline for responding or objecting to the subpoena by an additional thirty days. (Doc. 23 at 4.) After I ordered expedited briefing on the question (Doc. 24), Malott filed a response on July 22, 2013 (Doc. 28), to which RMD replied on July 25, 2013 (Doc. 29). Defendant New Mexico Educational Retirement Board

did not file a response and is presumed to take no position on the matter.[1]

### DISCUSSION

Although it does not differentiate between the two deadlines in its motion, RMD is effectively seeking two extensions – one for the deadline to object to Malott's subpoena, and one for the deadline to respond. I consider the merits of each proposed extension in turn.

### I.   Extension of Objections Deadline

Federal Rule of Civil Procedure 45(c)(2)(B)[2] allows the target of a subpoena fourteen days after receipt of the subpoena to serve objections. Under this provision, RMD should have served its objections to Malott's subpoena no later than July 10, 2013. Although Rule 45(c)(3)(A)(i) allows a court to quash or modify a subpoena that "fails to allow a reasonable time to comply," there are no provisions in that Rule providing for an extension of the deadline to serve objections. Such a request would therefore be governed instead by Rule 6(b)(1)(B), which allows a court, for good cause, to grant an extension "on motion made after the time [to act] has expired if the party failed to act because of excusable neglect."

RMD argues that it should be granted an extension of time to serve objections because Malott's subpoena was "unduly burdensome" and because the time frame for answering the subpoena was "unreasonable and oppressive." (Doc. 23 at 3.) Although these may be the standards for quashing or modifying a subpoena, these are not the standards for extending the deadline to serve objections. RMD does not argue that it failed to meet the fourteen-day deadline

---

[1] Notably, RMD failed to state in the instant motion whether any party in this action opposed the motion, or even that it sought concurrence for this motion from either of the parties. Such a failure constitutes grounds for summary denial of RMD's motion. *See* D.N.M.LR-Civ. 7.1(a). In the interests of justice, however, I will consider RMD's arguments on the merits.

[2] RMD refers repeatedly to "Rule 1-045(c) Fed Rule Civ. P." (Doc. 23 at 2; Doc. 29 at 2.) I will assume that RMD is referring to Rule 45 and is conflating that rule with the analogous New Mexico Rule of Civil Procedure 1-045(c).

for objections due to excusable neglect. While I am willing to accept that RMD's decision not to assign counsel to the matter until the objection deadline had passed constitutes neglect, RMD's failure to argue the existence of *excusable* neglect constitutes waiver of any Rule 6 argument. *See, e.g.*, *Alcohol Monitoring Sys. V. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1242 (D. Colo. 2010) (citing *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009)). RMD therefore is not entitled to an extension of the deadline for serving objections.

Because I do not grant an extension of the objections deadline, any objections served after July 10, 2013, would be considered untimely. I observe that there is caselaw that supports the consideration of untimely objections to a subpoena under very limited circumstances. However, since technically no objections are before me, I will not address whether such circumstances exist at this time.

## II.     Extension of Subpoena Response Deadline

Although RMD also fashions its motion as seeking "an extension of time to respond . . . to Malott's subpoena" (Doc. 23 at 1), RMD presents its argument as seeking a modification of the subpoena's response deadline of July 15, 2013 under Rule 45(c) (*id.* at 3-4). A court must quash or modify a subpoena that fails to give its target a reasonable amount of time to comply with the subpoena or that subjects the target to undue burden. FED. R. CIV. P. 45(c)(3)(A)(i), (iv). RMD, as the movant, bears the burden of establishing that the subpoena should be modified. *See, e.g.*, *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996). RMD must also show that good cause exists to enter the sort of protective order that it seeks. *See Sentry Ins. v. Shivers*, 164 F.R.D.255, 256 (D. Kan. 1996) (citing FED. R. CIV. P. 26(c)(1)).

The subpoena in question allowed RMD nineteen days to produce the requested materials. (*See* Doc. 23 Ex. A (served on June 26, 2013, with a production deadline of July 15,

2013).) In correspondence with RMD, Malott agreed to extend this deadline by an additional four days. (Doc. 23 Ex. B.) RMD does not directly argue in its motion that either nineteen days or twenty-three days is insufficient time to respond to the subpoena. Instead, RMD notes that it first assigned counsel to the matter on July 12, giving it only three to seven days to comply. (*See* Doc. 23 at 1-2.) Therefore, RMD contends, Malott's requests "are unduly burdensome, insofar as they are sought[] no later than July 19, 2013." (Doc. 23 at 3; *see also id.* at 3-4 (stating that while the requests themselves are simply burdensome, it is "the time frame afforded by the Subpoena" that makes them unduly so in light of counsels' late arrival in this matter).)

The fact that RMD waited until just before the response deadline to assign counsel is immaterial to whether the subpoena objectively "fail[ed] to allow [RMD] a reasonable amount of time to comply." It cannot be argued that Malott "impos[ed] [an] undue burden or expense" on RMD, FED. R. CIV. P. 45(c)(1), simply because the latter failed to timely assign counsel to this case. Nonetheless, I recognize that the nature of Malott's request could demand a potentially "voluminous production of documents." (Doc. 23 at 3.) Given the materials requested and the work necessarily involved in identifying and reviewing them, I am willing to accept that nineteen days would not have sufficed as a reasonable amount of time for RMD to fully respond to Malott's subpoena and that RMD has shown good cause for an extension.

Still, I do not believe RMD's requested extension of an additional thirty days (for a total of almost fifty) is necessary, either. Thirty days have now passed since Malott served the subpoena on RMD; a total of thirty-seven days strikes me as a reasonable time period for RMD's response to the subpoena. Such an extension would also be consistent with part of the relief Malott seeks, which is that I grant RMD only an additional five business days to produce responsive documents. (*See* Doc. 28 at 10.) Thus, I do not believe that a limited extension of this

nature would be unduly prejudicial to Malott. Unless the parties agree to extend the discovery deadlines in this case, I will allow RMD until 5:00 p.m. on August 2, 2013, to respond to Malott's subpoena.

## CONCLUSION

RMD's motion is granted in part with respect to its request that I modify the subpoena's response deadline. Unless the parties agree to extend the deadlines for discovery, RMD shall produce all documents or objects responsive to Malott's subpoena no later than **5:00 p.m. on August 2, 2013**. RMD's motion is denied in all other respects.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.