IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRUCE F. MALOTT,

    Plaintiff,

v.                                                                           CV 12-1146 MV/WPL

NEW MEXICO EDUCATIONAL
RETIREMENT BOARD,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTY'S
MOTION TO QUASH AND FOR PROTECTIVE ORDER (DOC. 34),
GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. 35), AND
GRANTING PLAINTIFF'S MOTION TO COMPEL (DOC. 43)**

Before me are three discovery motions filed by the parties as well as by a third party to this action. New Mexico Risk Management Division ("RMD"), a third-party subpoena recipient, asks that I quash Bruce Malott's subpoena and enter an order protecting it from responding to the subpoena. (Doc. 34.) The New Mexico Educational Retirement Board ("the Board") also seeks a protective order that would allow certain current and former Board members to avoid being deposed by Malott. (Doc. 35.) Malott, in turn, requests that I compel the Board to fully and completely respond to several discovery requests. (Doc. 43.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Malott, a former Board member and chair, alleges that the Board was required under N.M. STAT. ANN. § 22-11-13(H) to indemnify him after several lawsuits were filed against him in his capacity as a Board member, but that the Board nonetheless failed to provide indemnification. (Doc. 1 at 12-15.) Malott seeks declaratory and injunctive relief pursuant to 42

U.S.C. §§ 1983 and 1988, asking that the Court declare that he is entitled to indemnification under state law, require the Board to so indemnify him, and exercise continuing jurisdiction and control over the Board to ensure that it does so. (*Id.* at 1, 15-16.)

This summer, Malott served a subpoena on RMD seeking certain documents and objects. (*See* Doc. 30 at 1.) Although the response deadline for the subpoena was set as July 15, 2013, RMD moved that afternoon to extend the deadline for responding or objecting to the subpoena on grounds that it had only assigned counsel to the matter three days earlier. (Doc. 23.) While I refused to extend either deadline on such grounds, I agreed with RMD that an extension of the response deadline was appropriate in light of the potentially "voluminous" nature of responsive documents. (Doc. 30 at 3-4.) Accordingly, I extended RMD's response deadline to the afternoon of August 2, 2013. (*Id.* at 5.)

RMD did not provide any documents by the extended deadline. Instead, on August 1, 2013, RMD filed the instant motion to quash and for a protective order, arguing that certain requested documents could not be produced under state law and were protected by other privileges. (Doc. 34.) Malott filed a response challenging both the timeliness and the merits of RMD's motion (Doc. 38), and RMD filed a reply essentially reiterating its earlier arguments (Doc. 44).

Shortly after RMD filed its motion to quash, the Board filed its own motion for a protective order, arguing that certain depositions noticed by Malott would be unduly burdensome and would not yield any evidence relevant to his claims or its defenses. (Doc. 35.) Malott argues that the Board has failed to show any burden and that he is entitled to certain information from the proposed deponents (Doc. 41), a position that the Board continues to dispute (Doc. 47).

Malott has also filed his own discovery motion in which he asks me to compel the Board to provide full and complete responses to certain discovery requests. (Doc. 43.) Although the Board has apparently provided additional responses in the meantime, prompting Malott to withdraw his motion in some respects, it continues to object to several discovery requests as being overbroad or vague and challenges Malott's attempts to narrow the requests in his motion. (*See* Doc. 46 (the Board's response); Doc. 50 (Malott's reply).)

### DISCUSSION

**I.     RMD's Motion to Quash and for Protective Order**

Federal Rule of Civil Procedure 45 directs courts to modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). Further, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The movant asking the court to issue a protective order or to quash or modify a subpoena bears the burden to demonstrate good cause and to show that it should be so protected. *See, e.g.*, *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

Here, Malott served on RMD a subpoena requesting documents and files pertaining to "[l]egal representation and/or legal services offered, provided, contemplated, or denied to Bruce Malott" in five state court cases[1] and in any relevant SEC or grand jury investigations. (Doc. 23 Ex. A at 4.) Malott's subpoena also seeks files and other documents relating to his potential entitlement to indemnity under state law and documents or statements produced by or on behalf

---

[1] The five cases in question are *Foy v. N.M. Educational Retirement Board*, CV-2009-1587; *New Mexico ex rel. Foy v. Vanderbilt Capital Advisors, LLC*, CV-2008-01895; *New Mexico ex rel. Foy v. Austin Capital Management, Ltd.*, CV-2009-01189; *Hill v. Vanderbilt Capital Advisors, LLC*, CV-2010-00060; and *Hammes v. Vanderbilt Capital Advisors, LLC*, CV-2010-00503. (Doc. 23 Ex. A at 4; Doc. 34 at 3-5.)

of several individuals. (*Id.*) RMD largely challenges only the requests that relate to the five state court cases in which Malott was a defendant while serving on the Board, arguing that such documents are protected under state law and privileged under the attorney-client and work-product doctrines. (Doc. 34 at 1, 5.)

As a preliminary matter, Malott challenges the timeliness of RMD's motion, noting that the original return date for the subpoena passed several weeks before RMD filed the motion. (Doc. 38 at 5.) However, I previously extended the subpoena response deadline to August 2, 2013 (Doc. 30 at 6), and RMD filed this motion on August 1 (Doc. 34). Given that RMD filed this motion prior to the extended subpoena response deadline, I conclude that this motion is timely. *See, e.g.*, *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (citations omitted).

I also see no reason to dwell on RMD's argument that the subpoena is overly broad "to the extent that [Malott] requests documents that are not within RMD's possession, custody, or control." (Doc. 34 at 7.) By the terms of Rule 45, a subpoena may only command its target to "produce [items] in that person's possession, custody, or control," FED. R. CIV. P. 45(a)(1)(A)(iii), and Malott concedes that he only seeks documents from RMD that are in its possession, custody, and control (Doc. 38 at 14), thereby curing any concerns on this ground.

RMD's broadest remaining argument is that state law prohibits it from revealing any documents relating to the five outstanding state court cases. According to N.M. STAT. ANN. § 15-7-9(A)(2), any "records created or maintained by [RMD]" that "pertain[] to claims for damages or other relief against any governmental entity or public officer or employee" are deemed confidential until 180 days have passed since the date that the statute of limitations has run or the date that the claim has been brought to judgment, settled, or otherwise closed, whichever is

4

latest. Until such time has passed, the records "shall not be subject to any right of inspection by any person not a state officer, member of the legislature or state employee within the scope of his official duties." *Id.* § 15-7-9(A). Because Malott and other state employees were defendants in each of the five cases in question, and because none of the five cases has been fully resolved, RMD argues that it is prohibited under the law from revealing any requested records pertaining to these cases. (Doc. 34 at 2-5.)

In response, Malott first asserts that he is entitled to the requested documents as a former client of RMD and that § 15-7-9(A)(2) "does not address requests by a client of RMD to inspect its files relating to its representation." (Doc. 38 at 8.) However, RMD is not an attorney or law firm, and Malott was not its client. Instead, RMD is merely "the governmental agency charged with administering the public liability fund and providing insurance coverage for state and municipal governing entities and employees." *See Bd. of Cnty. Comm'rs of San Miguel Cnty. v. Risk Mgmt. Div.*, 899 P.2d 1132, 1133 (N.M. 1995); *see also Paz v. Tijerina*, 165 P.3d 1167, 1168 (N.M. Ct. App. 2007) ("RMD is responsible for implementing the New Mexico Tort Claims Act." (internal citations omitted)). RMD is empowered to contract with attorneys who "defend tort liability claims against governmental entities and public employees acting within the scope of their duties," N.M. STAT. ANN. § 41-4-23(B)(5), but RMD itself did not purport to represent Malott in the state lawsuits.

Malott also contends that § 15-7-9(A)(2) is aimed only at information requests made pursuant to New Mexico's Inspection of Public Records Act ("IPRA"), N.M. STAT. ANN. § 14-2-1 *et seq.* (Doc. 38 at 8.) Yet nothing about this provision appears to limit its reach to documents requested under IPRA. While many express IPRA exceptions appear in the section of New Mexico Statutes Annotated that governs IPRA, *see* N.M. STAT. ANN. § 14-2-1(A), the provision

on RMD document confidentiality appears in the section that is concerned with RMD's structure and powers, and that provision makes no mention of IPRA, *see id.* § 15-7-9(A)(2). Rather, its plain language provides that protected records are not subject to "*any* right of inspection" by unauthorized persons. *Id.* § 15-7-9(A) (emphasis added). In drafting this statute, the New Mexico Legislature did not include any exceptions for persons who were once represented by attorneys assigned by RMD, and I cannot read such an exception into this provision without more.

A different sort of exception does appear later in the same statute, providing that protected records "shall be made available as necessary for purposes of audit or defense." *Id.* § 15-7-9(B). No state or federal cases have interpreted this language. *See Paz*, 165 P.3d at 1171. Nonetheless, I do not believe that a subpoena for documents by a plaintiff in this kind of action constitutes a request "for purposes of . . . defense," and I do not read the term "audit" in this context as encompassing the kind of non-financial review proposed here.

Because Malott's requests for documents concerning "[l]egal representation and/or legal services" relating to the five state court cases are inconsistent with state law governing the confidentiality of these documents, I conclude that it is necessary to modify the subpoena so as to eliminate those requests and that good cause exists to enter an order protecting RMD from compliance with the requests. RMD's motion is granted to this extent. Accordingly, I do not reach RMD's argument that "certain" of these documents are protected by other privileges. (*See* Doc. 34 at 5.)

With the exception of the "overbroadness" argument that I have already addressed, RMD's motion only challenged the requests for files relating to the state cases, marked as items 1(a) through 1(e) in the subpoena. (Doc. 34 at 1, 5.) However, at least as of the time that Malott filed his response brief, RMD had failed to produce any documents at all that were responsive to

the subpoena. (*See* Doc. 38 at 4.) Given both the extension of time previously allotted to RMD (Doc. 30) and the months that have passed since then, RMD should be ready to respond to the remaining requests in Malott's subpoena. If it has not already done so, RMD must respond to the remaining subpoena requests pursuant to Rule 45(d) **no later than December 6, 2013**.

## II.     The Board's Motion for Protective Order

The Board requests that several of its current or former members—namely Dr. Beulah Woodfin, Hannah Skandera, H. Russell Goff, Delman Shirley, James Lewis, Paul Aguilar, Mary Lou Cameron, and Bradley Day—be granted protection from Malott's notices of deposition. (Doc. 35.) A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). However, where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the need of the case, . . . the importance of the discovery in resolving the issues," and other issues, the Court may limit the frequency or extent of discovery. FED. R. CIV. P. 26(a)(2)(C). Moreover, if a movant shows good cause, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

Although the Board styles this motion as one for a protective order, it first justifies the need for such an order by insisting that discovery should be stayed entirely in light of its pending motion to certify certain legal questions to the New Mexico Supreme Court. (Doc. 35 at 2.) While the Board and Malott expend a great deal of energy rehashing the merits of the Board's pending motion to certify (Doc. 33), the "potentially dispositive" nature of its resolution (*see id.* at 1) convinces me that that motion is best left to the presiding judge in this case. Moreover, while the Board's motion to certify also includes a request to stay discovery "[s]hould the Court grant this motion" (*id.* at 7), the Board now seeks to extend this request to prevent discovery

even before the Court decides that motion (Doc. 35 at 1-2). Even if I were to construe the instant matter as a motion to stay, the Board cites no authority to justify staying discovery until the certification motion is decided, and I see no reason to put off the depositions until the latter motion is resolved.

The Board also seeks protection from the noticed depositions on the ground that the depositions will burden the deponents and will not reveal any relevant information. (*Id.* at 2-3.) From the Board's perspective, Malott's claims for declaratory and injunctive relief turn on the construction of N.M. STAT. ANN. § 22-11-13(H) and require little factual discovery. (*Id.* at 3.) As Malott sees it, this case revolves around the deprivation of his rights under that statute, and as such the Board members' reasons for denying these rights are relevant to his claims. (Doc. 41 at 7-8.)

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (citation omitted). "A request for discovery . . . should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Labs*, 137 F.R.D. 336, 341 (D. Kan. 1991). "To determine whether discovery is relevant, the court examines the issues raised in the case." *Caldwell v. Life Ins. Co. of N. Am.*, 165 F.R.D. 633, 638 (D. Kan. 1996). "Although relevancy is not limited by the matters stated in the pleadings, they do provide a basis from which to judge relevancy." *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

Malott states that he wishes to depose these individuals to learn both why they voted against indemnifying him and what information they relied on in doing so. (*See* Doc. 41 at 7-8.)

However, Malott's complaint does not seek damages against the Board or its members. (Doc. 1 at 15-18.) Instead, Malott asks the Court in his complaint to declare that he is entitled to full indemnification under § 22-11-13(H), to enter injunctive relief requiring the Board to indemnify him, and to enter injunctive relief allowing the Court to exercise continuing jurisdiction over the Board while it considers his current and future indemnity requests. (*See id.*) The Board members' reasons for denying indemnification to Malott have no bearing on whether the Board should have denied him indemnification under the statute. In other words, testimony from the Board members as to their underlying knowledge and motivation when voting against indemnification would not provide any relevant information to the parties or the Court regarding whether § 22-11-13(H) requires the Board to indemnify Malott and whether the Board should be enjoined to do so.

"It is well established that discovery has limits and that these limits grow more formidable as the showing of need decreases." *United Air Lines, Inc. v. United States*, 26 F.R.D. 213, 219 n.9 (D. Del. 1960) (citations omitted). Here, the Board has established that the testimony Malott seeks to obtain from its members would have no apparent relevance to Malott's claims. Given this lack of relevance, I conclude that deposition of these members would constitute an undue burden on those members and that the Board has thus shown good cause for the entry of a protective order. The Board's motion is thus granted; Woodfin, Skandera, Goff, Shirley, Lewis, Aguilar, Cameron, and Day are granted protection from the noticed depositions; and each party will bear its own costs in association with this motion.

### III.     Malott's Motion to Compel

Next, Malott requests that I compel the Board to provide full and complete responses to certain interrogatories and requests for production ("RFPs"). (Doc. 43.) The scope of permissible discovery is construed broadly so as "to achieve full disclosure of all potentially relevant

information." *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004). Still, "broad discovery is not without limits," *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (citation omitted), and the concept of relevance should not be stretched to encourage a "fishing expedition," *see Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). The decision to grant or deny a motion to compel is left to the sound discretion of the trial court. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (citation omitted).

Malott argues that the Board's discovery responses and objections are untimely, as they were provided three days after the thirty-day deadline set under Rule 33(b). (Doc. 43 at 4-6.) The Board points to an email exchange that it construes as giving it a seven-day extension to respond to the discovery requests (Doc. 46 at 1-3; *see also* Doc. 43 Ex. E); Malott responds that the email exchange does not show any agreement, implicit or otherwise, to extend the response deadline (Doc. 50 at 1-3). Having reviewed the email exchange, I can understand how both Malott and the Board could have read the exchange in a different light. However, both parties appear to have reached their competing interpretations in good faith, and I find that the Board's belief that Malott had granted it additional time to respond was reasonable. I therefore find good cause to excuse the Board's delay pursuant to Rule 33(b)(4), and I will proceed to consider the motion and objections on the merits.

Malott originally sought my intervention on the grounds that the Board had not fully responded to RFP Nos. 1 and 16. (Doc. 43 at 9, 11-12.) However, Malott now notes in his reply brief that the Board has provided documents responsive to RFP No. 1 (Doc. 50 at 6), and the Board asserts that it has no responsive documents with respect to RFP No. 16 (Doc. 46 at 13). As such, Malott has withdrawn his request for additional documents responsive to RFP Nos. 1 and 16 (Doc. 50 at 6, 8), and I therefore move on to consider the remainder of his motion.

Interrogatory No. 7 originally sought the name and contact information for "each and every person with knowledge of" the allegations, events, and affirmative defenses in the parties' pleadings. (Doc. 43 Ex. A at 2.) The parties discussed the matter further (Doc. 43 Exs. C & D), and Malott now offers in his motion to narrow this interrogatory to seek "the identity of all current and/or former Board members, staff, employees, and/or agents thereof, with knowledge of" the allegations, events, and affirmative defenses in the pleadings (Doc. 43 at 7). The Board objected that the original interrogatory was overly broad, unduly burdensome, and unlikely to reveal admissible evidence (*see* Doc. 43 Ex. A at 2), and it continues to object that Malott's more limited formulation of the interrogatory suffers from the same problems (Doc. 46 at 8-9). Specifically, NEMRB contends that any number of people may know of the allegations and defenses in this action since "[t]he Complaint and Answer are public records" and a number of public employees were involved in Malott's appointment to the Board and subsequent events. (Doc. 43 Ex. A at 2; *see also* Doc. 46 at 5-9.)

Rule 26(b)(1) provides that a party may seek information on the "identity and location of persons who know of any discoverable matter," which would plainly encompass persons with knowledge of the allegations, events, and defenses in this case. *See, e.g.*, *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2006 WL 2037395, at *2 (D. Kan. 2006) (unpublished). Malott's more limited request presented in the instant motion further erodes the Board's justification for its evasive and incomplete response. To the extent that it has not done so already,[2] the Board will provide a full and complete response to Interrogatory No. 7 as narrowed in Malott's motion (Doc. 43 at 7).

---

[2] The Board identified a number of individuals in its response brief, but it did not pretend that this information was fully responsive to Malott's interrogatory. (*See* Doc. 46 at 9 (agreeing to provide the names of individuals "who may have some knowledge of some of" the allegations, events, and defenses at issue here).)

11

Interrogatory No. 14 requested descriptions of "all conversations and/or communications received from or made on behalf of" four individuals. (*See* Doc. 50 Ex. F.) The Board objected to the broad, burdensome, and vague nature of this request (*see* Doc. 46 at 10-11), and Malott now limits his request to "only those communications and/or conversations relating to the facts, circumstances, and events which form the basis of Plaintiff's Complaint, between the [same] individuals and/or any agent thereof and any Board staff, employee, Board member, and/or any agent thereof" (Doc. 43 at 9). As with the previous interrogatory, this narrowed request calls for information that falls within the scope of Rule 26(b)(1), and the Board's objections to the contrary are unavailing. Moreover, although the Board complains that Malott's narrowed interrogatory is untimely for having been presented in his motion, a district court is welcome to "rule on the requests for enforcement or protection eventually presented to it" and may even narrow discovery requests further on its own. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 n.6 (10th Cir. 2008). Further limitation is unnecessary here; the Board will provide a full and complete response to Interrogatory No. 14 as narrowed in Malott's motion (Doc. 43 at 9).

Next, RFP No. 12 seeks "a complete copy of [the Board's] file(s) related to the events and allegations which form the basis of Plaintiff's Complaint." (Doc. 43 Ex. A at 7.) The Board objected on vagueness grounds, explaining that the word "file" "is not a defined term." (*Id.* at 8.) Malott responded that he simply seeks all documents "responsive to our request for production" (Doc. 50 Ex. G), a revision that the Board describes as "circular" since any RFP naturally seeks responsive documents (Doc. 46 at 13). The evasive nature of the Board's objections is self-evident, and I remind counsel that all attorneys in this matter are adults and are expected to act

12

like it. To the extent that it has not already done so,[3] the Board will provide all documents "related to the events and allegations which form the basis of [Malott]'s Complaint[,] including the decision to deny [Malott]'s requests for indemnity." (*See* Doc. 43 Ex. A at 7.)

Finally, Malott asked in his motion that I compel the Board to formally supplement its discovery responses and to provide a verification page for its answers to his interrogatories. (Doc. 43 at 13-14.) The Board says that it has provided a verification page for its interrogatory responses since Malott filed his motion (Doc. 46 at 14), and Malott withdrew his request with respect to that issue (Doc. 50 at 8). The Board also argues that its attorney's August 16, 2013 email to Malott's counsel (Doc. 43 Ex. D), featuring its informal supplemental responses to Malott, is binding on it and is willing to stipulate as much (Doc. 46 at 14). If the Board provides this stipulation, Malott is willing to withdraw his request with respect to all discovery responses except Interrogatory Nos. 7 and 14 and RFP No. 12. (Doc. 50 at 8.) If it has not already done so, the Board will provide this stipulation to Malott. When the Board responds to Interrogatory Nos. 7 and 14 and RFP No. 12 as directed by this Order, it will do so via formal supplementation under Rule 26(e)(1).

## IV. Discovery Deadlines

After the instant motions were fully briefed, Malott filed an unopposed request to extend discovery until these motions and the motion to certify are resolved by the Court (Doc. 54), and I granted this request (Doc. 55). Because this Order does not address the Board's motion to certify, the order extending discovery remains in effect, and discovery in this case remains open.

---

[3] The parties agree that the Board has produced some documents in response to RFP No. 12. (Doc. 46 at 12; Doc. 50 at 7.)

**CONCLUSION**

IT IS THEREFORE ORDERED that:

1) RMD's motion to quash and for a protective order (Doc. 34) is GRANTED so as to eliminate items 1(a) through 1(e) from Malott's subpoena (Doc. 23 Ex. A at 4), and RMD is protected from compliance with those particular requests, but the motion is DENIED in all other respects;

2) RMD must respond to the remaining subpoena requests (*see* Doc. 23 Ex. A at 4) pursuant to Rule 45(d) **no later than December 6, 2013**;

3) the Board's motion for a protective order (Doc. 35) is GRANTED, and proposed deponents Woodfin, Skandera, Goff, Shirley, Lewis, Aguilar, Cameron, and Day are granted protection from the noticed depositions;

4) Malott's motion to compel (Doc. 43) is GRANTED with respect to Interrogatory Nos. 7 and 14 and RFP No. 12 as further described herein; and

5) the Board must formally supplement its responses to Interrogatory Nos. 7 and 14 and RFP No. 12 as directed in this Order **no later than December 13, 2013**.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.