**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

BRUCE F. MALOTT,

       Plaintiff,

v.                                Civ. No. 12-01146 MV/WPL

THE NEW MEXICO EDUCATIONAL
RETIREMENT BOARD,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Certify Questions to the New Mexico Supreme Court and for Stay ("Motion to Certify"), filed July 30, 2013 [Doc. 33]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds the Motion to Certify is well taken in part and will be granted in part.

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

This lawsuit arises out of a dispute whether Plaintiff Bruce Malott ("Plaintiff"), former member and chairman of the New Mexico Educational Retirement Board ("NMERB"), is entitled to a right of indemnification pursuant to New Mexico Statutes Annotated Section 22-11-13(H)—which provides for indemnification of NMERB board members for losses sustained by reason of decisions made in the performance of their duties, *see* N.M. Stat. Ann. § 22-11-13(H)—from Defendant NMERB ("Defendant") for expenses Plaintiff incurred in defending five civil lawsuits, a federal grand jury proceeding, and a Securities and Exchange Commission (SEC) administrative investigation. *See* Mot. to Certify at 1-2; Resp. to Mot. to Certify at 2. Plaintiff's Complaint for Declaratory and Injunctive Relief for Deprivation of Civil

Rights ("Complaint"), filed November 6, 2012 [Doc. 1], alleges that, unbeknownst to Plaintiff, one of Plaintiff's co-NMERB board members and various NMERB financial advisors were involved in a multi-million-dollar racketeering scheme, which gave rise to the lawsuits and investigations. *See* Compl. ¶¶ 22-26. The Complaint further alleges that "Plaintiff, solely by reason of his position as Chairman, and his innocent connection to the acts of the [wrongdoers], was named as a defendant in the[] lawsuits and subpoenaed by the SEC and Federal Grand Jury." *Id.* ¶ 34. Plaintiff's certified public accounting firm Meyners + Company, LLC also was named as a defendant in two of the lawsuits. *See id.* ¶ 34. Plaintiff retained private counsel to defend himself in the lawsuits and investigations. The New Mexico Risk Management Division ("RMD") also provided and/or offered to provide legal representation to Plaintiff for some, but not all, of the matters in which Plaintiff retained private counsel.

It is unclear to what extent RMD provided or offered to provide legal representation to Plaintiff and to what extent Plaintiff declined that representation in favor of a private defense. Plaintiff maintains, however, and Defendant does not seem to dispute, that RMD did not provide or offer to provide a defense in the criminal and administrative proceedings against Plaintiff. Plaintiff also maintains that he requested that RMD provide him with a defense in one of the five civil lawsuits, but that RMD initially declined his request. Plaintiff was forced to retain private counsel or remain unrepresented in these matters. *See* Resp. to Mot. to Certify at 8. Furthermore, Plaintiff maintains that even when RMD provided Plaintiff with a defense, it did so only to the extent that Plaintiff's interests coincided with the state's interests. *See id.*

Plaintiff alleges that he suffered damages and other losses as a result of the civil, criminal, and administrative proceedings against him, including but not limited to the attorney's fees and costs he incurred from hiring private counsel. *See* Compl. ¶ 48. Pursuant to New Mexico

Statutes Annotated Section 22-11-13(H), which provides that "[m]embers of the [NMERB] . . . shall be indemnified . . . by the state from all claims, demands, suits, actions, damages, judgments, costs, charges and expenses, including court costs and attorney fees, and against all liability, losses and damages of any nature whatsoever that members shall or may at any time sustain by reason of any decision made in the performance of their duties," N.M. Stat. Ann. § 22-11-13(H), Plaintiff sought indemnification from Defendant for these damages.  Plaintiff alleges that he properly sought indemnification from Defendant in compliance with New Mexico's "Policy Regarding Section 22-11-13(H)" (hereinafter "Policy"), *see* Compl. ¶¶ 49, 52, which provides that "[b]efore authorizing payments for fees and expenses . . . pursuant to Section 22-11-13(H), the NMERB must determine that such payments are reasonable and otherwise consistent with the NMERB's fiduciary duties," that "NMERB members shall submit request for indemnification . . . to the Executive Director," that "[r]equests shall be accompanied by supporting documents," and that "[u]pon request, unredacted documentation shall be made available for review by the NMERB," Policy, ¶ V.A-C.  Plaintiff alleges that Defendant wrongfully "issued a blanket denial of Plaintiff's . . . indemnification request without having reviewed the bills for determination of their reasonableness, or otherwise making any determination regarding the details of Plaintiff's indemnification request, as reasonably required of the NMERB under the Act and the Policy."  *Id.* ¶ 50; *see id.* ¶ 52 ("The NMERB has wrongfully denied in its entirety Plaintiff's request for indemnification.").

Defendant asserts that, in denying Plaintiff's indemnification request, it relied on an opinion issued by the New Mexico Attorney General's Office regarding the scope of Defendant's obligation to indemnify Plaintiff pursuant to Section 22-11-13(H) ("Attorney General Opinion"). *See* Mot. to Certify at 2.  In this opinion, the Attorney General opines that Section 22-11-13(H)

3

does not require "the state to reimburse Mr. Malott and other ERB members for expenses resulting from privately retained counsel, particularly when an attorney has been made available at state expense through RMD."   N.M. Att'y Gen. Op. No. 10-05, at 5 (Dec. 3, 2010), attached as Exh. 1 to Mot. to Certify.   The Attorney General Opinion reasons that Section 41-4-4 of the New Mexico Tort Claims Act (NMTCA), which provides that the state shall "provide a defense, including costs and attorneys' fees" for a state officer or employee "'when liability is sought for[] any tort alleged to have been committed . . . while acting within the scope of his duty,'" *id.* at 4-5 (quoting N.M. Stat. Ann. § 41-4-4), would be rendered inapplicable if Section 22-11-13(H) were construed to require reimbursement of Plaintiff's legal fees for privately-retained counsel, *see id.*   The Attorney General Opinion reasons that "[i]t seems unlikely that the legislature intended Section 22-11-13(H) to render inapplicable the Tort Claims Act's provisions for legal representation," and that "[t]he more reasonable interpretation is that the indemnification authorized by Section 22-11-13(H) applies only when legal representation is not available under the Tort Claims Act," because "[t]his interpretation harmonizes and gives effect to all the statutory provisions addressing the legal representation of state officers and employees."   *Id.*   In support of its conclusion that Section 22-11-13(H) does not require the state to reimburse Plaintiff for private counsel when RMD offered to provide a defense, the Attorney General Opinion cites authority from other jurisdictions holding that a state statute requiring the state to provide a defense to public officers does not require the state to reimburse an officer for the cost of privately-retained counsel when the state was willing to provide a defense using counsel of the state's choosing.   *See id.* (citing *DeGrassi v. City of Glendora*, 207 F.3d 636 (9th Cir. 2000); *City of Huntington Beach v. Petersen Law Firm*, 115 Cal. Rptr. 2d 568, 565 (Cal. Ct. App. 2002); *Mothersell v. City of Syracuse*, 952 F. Supp. 112, 115-16 (N.D.N.Y. 1997)).

4

This lawsuit arises out of Defendant's denial of Plaintiff's request for indemnification. The Complaint's statement of jurisdiction alleges that "[t]his is a suit at law and equity brought pursuant to 42 U.S.C. §§ 1983 and 1985, arising from the deprivation of Plaintiff's civil rights by the Defendant, under color of state law," and that "[t]his is a civil action arising under the Constitution and laws of the United States, to redress the deprivation of Plaintiff's civil rights under color of state law, over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343."  Compl. ¶¶ 3, 4.  The Complaint's "General Allegations" assert that "[t]he NMERB's denial of Plaintiff's request for indemnification for . . . expenses pursuant to [Section 22-11-13(H)] constitutes a denial of Plaintiff's state-law created property right, without due process of law, under color of state law, in violation of the Constitution and the laws of the United States; specifically, and without limitation, in violation of 42 U.S.C. § 1983."  *Id.* ¶ 54; *see also id.* ¶ 55 ("The NMERB has no legitimate justification for denying Plaintiff his statutory right to indemnification, and has denied Plaintiff due process of law."); *id.* ¶ 56 ("The manner in which NMERB has chosen to interpret and apply NMSA 1978 Section 22-11-13(H) . . . interferes with and has deprived Plaintiff of his legitimate and protected liberty and property interest, comprised of his statutory right to indemnification.").

While these allegations articulate a federal claim premised upon denial of the right to due process of law in violation of Section 1983, other allegations in the Complaint suggest that Plaintiff challenges Defendant's underlying denial of Plaintiff's rights under the state indemnification statute and that Defendant does not challenge any constitutional deprivation of due process in reaching that underlying decision.  The Complaint's "Claims for Relief," for example, reference only Section 22-11-13(H) and do not identify any federal basis of liability. *See* Compl. ¶¶59, 60 (articulating (1) a claim for declaratory judgment, seeking a "judicial

5

determination that, pursuant to NMSA 1978 § 22-11-13(H), [Plaintiff] is entitled to be fully indemnified for <u>all</u> claims, demands, suits, actions, damages, judgments, costs, charges and expenses, including court costs and attorney fees . . . that he sustained . . . by reason of the decisions made in the performance of his duties as NMERB member and Chairman"; and (2) a claim for injunctive relief, seeking a court order requiring Defendant NMERB to "fully and properly to consider his indemnification request(s) submitted pursuant to the [Section 22-11-13(H)], and to provide indemnification to Plaintiff for <u>all</u> claims, demands, suits, actions, damages, judgments, costs, charges and expenses, including court costs and attorney fees . . . that he sustained . . . by reason of the decisions made in the performance of his duties as NMERB member and Chairman").   Furthermore, the relief Plaintiff seeks in his Complaint does not appear to be tied to a violation of the due process clause.   For example, to the extent Plaintiff brings a procedural due process claim, *see infra* note 1, Plaintiff does not seek damages for the process allegedly denied to him by Defendant, but rather only seeks a declaratory judgment that Plaintiff is entitled to indemnification pursuant to Section 22-11-13(H) and an injunction requiring Defendant to indemnify Plaintiff under that state statute.   *See* Compl. at 17, ¶¶ 1-3.   Plaintiff's Response to the Motion to Certify likewise argues only that "[Defendant] violated [his] civil rights afforded to him *under the indemnity statute*," and maintains it is this state law question that is "squarely at issue in this Court."   Resp. to Mot. to Certify at 5 (emphasis added).

Although several of Plaintiff's allegations suggest that Plaintiff seeks relief only for violation of New Mexico's indemnification statute, *see* N.M. Stat. Ann. § 22-11-13(H), other allegations articulate a Section 1983 claim for relief premised upon a violation of the due process clause of the Fourteenth Amendment of the United States Constitution.   Because portions of the Complaint are drawn to seek relief arising under a federal statute and the Constitution, the Court

construes the Complaint as containing a claim pursuant to 42 U.S.C. Section 1983 for violation of Plaintiff's Fourteenth Amendment right to due process of law.[1]

The parties dispute the scope of Defendant's obligations under Section 22-11-13(H). Although the memoranda filed by the parties do not discuss the relevance of this dispute to Plaintiff's Section 1983 due process claim, the Court assumes Plaintiff argues, and Defendant disputes, that Section 22-11-13(H) creates a state-created property right, which is subject to protection under the Fourteenth Amendment's due process clause.  *Cf. Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2010) (explaining that a plaintiff alleging a violation of the due process clause must identify a protected property interest); *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (indicating that property interests are created and their dimensions are defined by an independent source such as state law).  Defendant maintains—and seeks a declaration from the Supreme Court of New Mexico—that Plaintiff is not entitled to indemnification for all losses pursuant to Section 22-11-13(H) because RMD offered to provide and/or provided a defense to Plaintiff.  *See* Joint Status Rep. & Provisional Discovery Plan at 3, filed Jan. 24, 2031 [Doc. 7].  Plaintiff argues that certification is not necessary because Section 22-11-13(H) unequivocally mandates that the NMERB indemnify him for "**all** expenses and losses

---

[1]     The Complaint does not specifically indicate whether the alleged deprivation violated Plaintiff's procedural or substantive rights to due process of law.   The Complaint simply alleges that Defendant deprived Plaintiff of his state-created property right without due process of law and does not allege that the deprivation was arbitrary, which implies that Plaintiff brings a procedural due process claim.   *See* Compl. ¶ 54.   Plaintiff's Response to the Motion to Certify argues that by refusing to indemnify Plaintiff, Defendant violated Plaintiff's "substantive rights under the statute, and his procedural rights under the Policy," Resp. to Mot. to Certify at 3, which suggests that Plaintiff brings both a substantive and procedural due process claim.   At this stage of litigation, the Court need not determine whether Plaintiff alleges a procedural or substantive violation of the due process clause, because, under either theory, Plaintiff must identify a protected property or liberty interest.   At issue in the present motion is whether the Court should grant Defendant's request that the Court certify questions to the New Mexico Supreme Court regarding whether Section 22-11-13(H) creates a state-protected property interest.

that he sustained in defending himself against the baseless claims that have been made against him, arising from his participation on the [NMERB]," Resp. to Mot. to Certify at 2, regardless of whether RMD offered to provide Plaintiff with a defense.

On July 30, 2013, Defendant filed its Motion to Certify, seeking to resolve the question whether Section 22-11-13(H) requires Defendant to indemnify Plaintiff by certifying the issue to the Supreme Court of New Mexico.   In its motion, Defendant requests that the Court certify the following three questions to the Supreme Court:   (1) "Is indemnification pursuant to NMSA 1978, § 22-11-13(H) afforded to reimburse [Plaintiff] for his expenses resulting from privately retained counsel where the Risk Management Division has provided or offered to provide legal representation to [Plaintiff] in the matters in which he retained that private counsel?"; (2) "Does NMSA 1978, § 22-11-13(H) provide for indemnification of an entity in which an Educational Retirement Board member has an ownership interest when that entity is sued as a result of decisions made or actions taken by that member?"; and (3) "Does NMSA 1978, § 22-11-13(H) provide for indemnification in actual or potential criminal matters?"   Mot. to Certify at 2.

## STANDARD

A federal district court considering an unsettled question of state law has the option of determining what a state court would decide or certifying the question to the state appellate court. The Tenth Circuit has stated:

> When it comes to certification, we do not seek to "trouble our sister state courts every time an arguably unsettled question of state law comes across our desks.   When we see a reasonably clear and principled course, we will seek to follow it ourselves."   *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).   But when important and close questions of state legal policy arise, we recognize that certification may "in the long run save time, energy, and resources and help[ ] build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).   Certification in

> these circumstances "give[s] meaning and respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state . . . courts."
> *Pino*, 507 F.3d at 1236.

*U.S. v. Reese*, No. 12-2025, 2012 WL 6553794, at *1 (10th Cir. Dec. 11, 2012).   The Tenth

Circuit has indicated that "[c]ertification is within the sound discretion of the federal court and is

appropriate when it will conserve time, energy, and resources of the parties as well as of the court

itself."   *Hartford Ins. Co. v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005) (citation and internal

quotation marks omitted); *accord Walker v. BuildDirect.com Technologies, Inc.*, 733 F.3d 1001,

1005 (10th Cir. 2013).   The Tenth Circuit has further explained that "[c]ertification is particularly

appropriate where the legal question at issue is novel and the applicable state law is unsettled."

*Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citing *Lehman Bros. v. Schein*, 416

U.S. 386, 391 (1974)).

The Tenth Circuit has instructed district courts deciding whether to certify a question to a

state appellate court to consider whether the receiving state court would find the federal court's

question worthy of attention by "consult[ing] state rules and standards before certifying any

question."  *See id*.  Section 39-7-4 of the New Mexico Statutes Annotated provides that the

Supreme Court of New Mexico may answer questions that a federal district court certifies to it "if

the answer may be determinative of an issue in pending litigation in the certifying court and there

is no controlling appellate decision, constitutional provision or statute of this state."   N.M. Stat.

Ann. § 39-7-4; *see also Reese*, 2012 WL 6553794, at *1.   In explaining when it will accept

certification from a federal court, the Supreme Court of New Mexico has noted:

> To date, we by and large have limited our acceptance of certifications prior to judgment to those cases in which there is no dispute over the factual predicates to the Court's determination of the questions certified, and our answer either disposes of the entire

> case or controversy, or disposes of a pivotal issue that defines the
> future course of the case.

*Schlieter v. Carlos*, 775 P.2d 709, 710-11 (1989).   Furthermore, in deciding whether to accept certification, the Supreme Court of New Mexico also considers the "prospects for judicial economy," *id.* at 713 (recognizing that federal courts are encouraged to certify novel questions when it will promote judicial economy) (citation omitted), and the avoidance of protracted litigation in federal court, *see Amoco Prod. Co. v. Action Well Serv., Inc.*, 755 P.2d 52, 56 (N.M. 1988) ("Whereas the federal district court of New Mexico has traditionally sought our judgment in cases of first impression, this time it did not, resulting in protracted litigation in the federal courts which was unnecessary.").   The Supreme Court of New Mexico has advised that "in all certifications the issue should present a significant question of law under the New Mexico Constitution or be one of such substantial public interest that it should be determined by this Court."   *Schlieter*, 775 P.2d at 713.

## DISCUSSION

In its Motion to Certify, Defendant asks the Court to certify three questions to the New Mexico Supreme Court.   If the Court grants Defendant's request for certification, Defendant also asks the Court to stay this matter pending receipt from the Supreme Court of New Mexico of a rejection of the question certified or an answer to the question certified.

I.      Motion to Certify.

The Complaint alleges that Defendant violated Plaintiff's Fourteenth Amendment right to due process of law when it failed to indemnify Plaintiff pursuant to Section 22-11-13(H) or otherwise comply with the Policy.   "Section 1983 creates no substantive civil rights, but rather only a procedural mechanism for enforcing them."   *See Wilson v. Meeks*, 52 F.3d 1547, 1552

(10th Cir. 1995); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).   Thus, in determining whether a defendant is liable under Section 1983, the Court's analysis must focus on the alleged violation of the due process clause under the Fourteenth Amendment to the United States Constitution. The due process clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law."   U.S. Const. amend. XIV, § 1.   "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision."   *Hyde Park Co.*, 226 F.3d at 1210; *accord Nichols v. Bd. of County Comm'rs*, 506 F.3d 962, 969 (10th Cir. 2007).

To prevail on a substantive or a procedural due process claim, Plaintiff must establish that he had a constitutionally-protected property or liberty interest.   *See Hyde Park Co.*, 226 F.3d at 1210 (explaining that the Tenth Circuit determined over thirty-five years ago "that to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived [the] plaintiff of a protectable property interest") (citing *Weathers v. W. Yuma Sch. Dist. R-J-1*, 530 F.2d 1335, 1340-42 (10th Cir. 1976)); *accord Nichols*, 506 F.3d at 969.   Property interests are not created by the Constitution, but rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.   *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).   Plaintiff alleges that Section 22-11-13(H) grants him a state law property right that is protected by the Fourteenth Amendment.   *See* Compl. ¶ 54.

Defendant moves to certify three questions to the New Mexico Supreme Court regarding whether Section 22-11-13(H) creates a state property interest.   Defendant argues that certification is appropriate here because, consistent with the Tenth Circuit's guidance on this topic, the legal

questions are novel and the applicable state law is unsettled.   *See* Mot. to Certify at 3.   Defendant further maintains that certification is appropriate under state law because there is no factual dispute, resolution of the questions would materially advance the ultimate termination of the litigation, and "there is substantial ground for a difference of opinion on the[] questions as they relate to the interpretation of Section 22-11-13(H)."   *Id.* at 6.   Plaintiff maintains that certification is improper under New Mexico Statutes Annotated Section 39-7-4 because a controlling state statute—namely Section 22-11-13(H)—"unequivocal[ly]" provides that the NMERB "'shall'" indemnify Plaintiff "'against all liability, losses and damages of any nature whatsoever'" incurred as a result of "'any decision made in the performance of their duties,'" Resp. to Mot. to Certify at 2 (quoting N.M. Stat. Ann. § 22-11-13(H)), and because the New Mexico Supreme Court has declined to accept certification where, as here, a factual dispute exists, *see id.* at 7-10.

The Court first must determine whether certification is appropriate under federal law, *see Hartford Ins. Co.*, 427 F.3d at 716-17; *Allstate Ins. Co.*, 920 F.2d 667, and, if so, next must determine whether the New Mexico Supreme Court would find the proposed questions for certification worthy of attention under New Mexico law, *see Reese*, 2012 WL 6553794, at *1; *Schlieter*, 775 P.2d at 710-11, 13.   The Court concludes that the first proposed question for certification meets both the federal and state standards for certification, but that the second and third proposed questions do not.

Defendant asks the Court to certify the question whether "indemnification pursuant to . . . § 22-11-13(H) [is] afforded to reimburse [Plaintiff] for his expenses resulting from privately retained counsel where the Risk Management Division has provided or offered to provide legal representation to [Plaintiff] in the matters in which he retained that private counsel."   Mot. to

Certify at 2.   The Tenth Circuit has held that "[c]ertification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled."   *Allstate Ins. Co.*, 920 F.2d at 667 (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).   There are no cases from a New Mexico appellate court construing Section 22-11-13(H) or deciding whether indemnification pursuant to Section 22-11-13(H) is available when the state offers to provide a defense and the recipient declines the representation.   Indeed, as Defendant points out, Plaintiff's request for indemnification pursuant to Section 22-11-13(H) is the "the first ever made to the Board."   Mot. to Certify at 3.   Thus, the Court concludes that the question proposed is novel, which weighs in favor of certification under federal law.

The Court likewise concludes that state law is unsettled regarding the question whether Section 22-11-13(H) creates a right to indemnification when a board member declines the state's offer to provide a defense.   Plaintiff argues that the law on this question is clear, because Section 22-11-13(H) expressly mandates that Defendant "*shall*" indemnify board members "from *all* claims, demands, suits, actions, damages, judgments, costs, charges and expenses, including court costs and attorney fees" against "*all* liability, losses and damages of *any nature whatsoever*" that members sustain by "reason of *any* decision made in the performance of their duties."   N.M. Stat. Ann. § 22-11-13(H) (emphasis added).   The Court agrees that the plain language of the statute broadly grants an NMERB board member the right to indemnification, provided the damages are sustained by reason of a decision made in the performance of the member's duties.

Pursuant to rules of statutory construction, however, a court must construe a statute with other statutes that are *in pari materia* (*i.e.*, relate to the same class of things).   *See State v. Flores*, 93 P.3d 1264, 1268 (N.M. 2004) ("[S]tatutes which relate to the same class of things are considered to be in pari material."); *N.M. Bd. of Veterinary Med. v. Riegger*, 164 P.3d 947,

13

952 (N.M. 2007) ("[W]e apply the fundamental rule of statutory construction . . . that all provisions of a statute, together with other statutes in pari materia, must be read together to ascertain the legislative intent.") (alterations in original) (internal quotation marks and citations omitted); *State ex rel. Quintana v. Schnedar*, 855 P.2d 562, 564 (N.M. 1993) ("In ascertaining legislative intent, the provisions of a statute must be read together with other statutes *in pari materia* under the presumption that the [L]egislature acted with full knowledge of relevant statutory and common law.") (citation omitted).   Defendant denied Plaintiff's request for indemnification based upon the Attorney General's opinion that Section 22-11-13(H) should be read *in pari materia* with Section 41-4-4 of the NMTCA to require indemnification only when the state fails to undertake a defense pursuant to its obligations under the NMTCA.[2]   *See* N.M. Att'y Gen. Op. No. 10-05, at 5 (Dec. 3, 2010), attached as Exh. 1 to Mot. to Certify.   For this rule of statutory construction to apply and support the conclusion of the Attorney General Opinion, the two statutory provisions must relate to the same class of things.   *See Flores*, 93 P.3d at 1268 ("[S]tatutes which relate to the same class of things are considered to be in pari material.") (internal quotations and citation omitted).   Moreover, a conflict must exist between the statutes, such that it is not possible to give full effect to the plain language of both statutes.   *See id.* (explaining that in construing statutes *in pari materia*, whenever possible "by reasonable construction," a court should construe the two statutes so "that effect is to be given to every provision of each") (internal quotations and citation omitted).

Section 22-11-13(H) provides broad indemnification to NMERB board members for all losses, including attorney's fees and costs, sustained as a result of decisions made in the

---

[2]     Defendant acknowledges that the Attorney General's Opinion does not have preclusive effect, but presumably relied on the opinion in denying Plaintiff's request for indemnification because it believes the appellate courts of New Mexico would find the reasoning persuasive.

performance of a board member's duties.   *See* N.M. Stat. Ann. § 22-11-13(H).   Section 41-4-4 of the NMTCA provides that the state has a duty "to provide a defense, including costs and attorneys' fees" for a state officer or employee "when liability is sought for[] any tort alleged to have been committed . . . while acting within the scope of his duty."   N.M. Stat. Ann. § 41-4-4.   It is an open question in New Mexico whether a *duty to indemnify* losses and damages, including attorney's fees, is sufficiently related to a *duty to defend* a tort action to render Sections 22-11-13(H) and 41-4-4 *in pari materia*.

It also is an open question whether, assuming the statutes are *in pari materia*, meaning can be given to the plain language of both Sections 22-11-13(H) and 41-4-4, or whether, as the Attorney General Opinion concludes, Section 41-4-4 implicitly limits the plain language of Section 22-11-13(H) to create an indemnification right only when the state declines to provide a defense under Section 41-4-4.   The Attorney General Opinion reasons that "[i]t seems unlikely that the legislature intended Section 22-11-13(H) to render inapplicable the Tort Claims Act's provisions for legal representation.   The more reasonable interpretation is that the indemnification authorized by Section 22-11-13(H) applies only when legal representation is not available under the Tort Claims Act. . . .   This interpretation harmonizes and gives effect to all the statutory provisions addressing the legal representation of state officers and employees."   *Id.*   The Attorney General Opinion also draws support from authority from other jurisdictions holding that a public entity does not have to reimburse its employees or officers for costs of privately-retained counsel pursuant to a state statute requiring the entity to provide a defense to public officers, where the entity has offered to provide a legal defense and the officer declines that representation.   *See id.* (citing *DeGrassi v. City of Glendora*, 207 F.3d 636 (9th Cir. 2000); *City of Huntington Beach v. Petersen Law firm*, 95 Cal. App. 4th 562 (2002); *Mothersell v. City of Syracuse*, 952 F. Supp. 112

15

(N.D.N.Y. 1997)).

The Attorney General Opinion assumes that a conflict exists between Section 41-4-4 and Section 22-11-13(H), and that if meaning is given to the plain language of Section 22-11-13(H), Section 41-4-4 of the NMTCA would be rendered inapplicable.  *See id.*  The opinion also relies on case law interpreting statutes requiring the state to provide its employees with a legal defense against a civil action and not on case law interpreting statutes requiring the state to indemnify employees for their losses and expenses, including attorney's fees.[3]  Thus, the opinion also assumes that a duty to defend statute is sufficiently analogous to a duty to indemnify statute to be instructive here.  While this Court may choose to predict whether the New Mexico Supreme Court would perceive any conflict between the duty to indemnify set forth in Section 22-11-13(H) and the duty to provide a defense contained in Section 41-4-4 of the NMTCA, whether the Supreme Court would find case law interpreting duty to defend statutes persuasive, and whether the Supreme Court would be inclined to agree with the reasoning of the Attorney General Opinion, the Court instead may seek to certify the question to the New Mexico Supreme Court.  *Cf. U.S. v. Reese*, No. 12-2025, 2012 WL 6553794, at *1 (10th Cir. Dec. 11, 2012) (explaining that a federal

---

[3]     In *DeGrassi v. City of Glendora*, 207 F.3d 636 (9th Cir. 2000), the court held that a statute requiring a city to "provide for the defense of any civil action . . . brought against [a public employee]" did not require the city to pay for the employee's independently-retained counsel, where the city offered to provide a defense and the employee declined due to an alleged conflict of interest.  In *City of Huntington Beach v. Petersen Law Firm*, 115 Cal. Rptr. 2d 568, 565 (Cal. Ct. App. 2002), the court likewise held that a statute requiring a public entity to "provide for the defense of any civil action . . . against [a public employee]" did not require the entity to pay for private counsel of the employee's choosing where the entity offered to provide a joint defense of the entity and the employee at no cost to the employee and the employee declined that joint defense due to an alleged conflict of interest.  In *Mothersell v. City of Syracuse*, 952 F. Supp. 112, 115-16 (N.D.N.Y. 1997), the court also held that a statute requiring a municipality to "provide for the defense of any civil action or proceeding brought against a duly appointed police officer" did not entitle the officer to select counsel of his choosing, even in the presence of an alleged conflict of interest.

16

district court considering an unsettled question of state law has the option of determining what a state court would decide or certifying the question to the state appellate court).

In deciding whether to certify the proposed question, which is both novel and involves an unsettled question of state law, or whether to answer the question itself, the Court considers whether certification would promote a cooperative federalism.   The Tenth Circuit has explained that when a question involves "important and close" issue of state legal policy, certification may "'help[ ] build a cooperative judicial federalism.'"   *Pino*, 507 F.3d at 1236 (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).   Certification in these circumstances "'give[s] meaning and respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state . . . courts.'"   *Reese*, 2012 WL 6553794, at *1 (quoting *Pino*, 507 F.3d at 1236).   The Court concludes that the question whether Section 22-11-13(H) creates a right to indemnification for the cost of privately-retained counsel when the state has offered to provide a defense raises an important issue of state legal policy, and that, in the interest of a cooperative federalism, this question is better reserved for the Supreme Court of New Mexico.[4]

---

4       While the Court does not base its conclusion on this factor, the Court notes that certification seems particularly appropriate here, because, although the Complaint contains allegations sufficient to establish that it arises under Section 1983, the Complaint is ambiguous with respect to whether Plaintiff seeks relief for a federal due process violation under Section 1983 or whether Plaintiff seeks relief under the New Mexico indemnification statute.   The relief Plaintiff requests is tied not to a violation of the due process clause, but rather to a violation of Section 22-11-13(H).   *See* Compl. at 17, ¶¶ 1-3 (seeking a declaratory judgment that Plaintiff is entitled to indemnification pursuant to Section 22-11-13(H) and an injunction requiring Defendant to indemnify Plaintiff under that statute).   Moreover, the Complaint's "Claims for Relief" reference only Section 22-11-13(H) and do not identify any federal basis of liability.   *See* Compl. ¶¶ 59, 60.   Even Plaintiff's Response to the Motion to Certify argues that "[Defendant] violated [his] civil rights afforded to him *under the indemnity statute*," and that it is this state law issue that is "squarely at issue in this Court."   Resp. to Mot. to Certify at 5 (emphasis added).   Thus, to the extent Plaintiff actually seeks a ruling regarding whether he was entitled to indemnification under

Finally, the Court concludes that certification will "conserve time, energy, and resources of the parties as well as of the court itself." *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005) (citation and internal quotation marks omitted).   For this reason, and the foregoing reasons, the Court concludes that certification is appropriate under Tenth Circuit law.

The Court next examines whether the New Mexico Supreme Court would find the proposed question for certification worthy of attention under New Mexico law.   *See Reese*, 2012 WL 6553794, at *1.   The New Mexico Supreme Court "may answer a question from [a federal] court 'if the answer may be determinative of an issue in pending litigation . . . and the question is one for which [the] answer is not provided by a controlling'" appellate opinion or statute.   *Id.* (quoting N.M.R. App. P. 12-607(A)(1)).   The New Mexico Supreme Court also has noted that it generally has "limited . . . acceptance of certifications . . . to those cases in which there is no dispute over the factual predicates to the Court's determination of the questions certified." *Schlieter v. Carlos*, 775 P.2d 709, 710-11 (1989).   In addition, the Supreme Court has indicated that certification is appropriate when it promotes judicial economy and when the question proposed for certification presents a significant question of law under the New Mexico Constitution or is one of such substantial public interest that it should be determined by the New Mexico Supreme Court.   *See id.* at 713.

The Court concludes that the Supreme Court of New Mexico would likely decide that the question whether Section 22-11-13(H) grants a board member a right to indemnification for the cost of private counsel when the state offers to provide a defense meets its standard for

---

a New Mexico state statute, and not a ruling regarding whether the state denied him due process of law by virtue of its unconstitutional procedures or substantive process, a ruling on this question of state law from the New Mexico courts is particularly appropriate.

certification.   The question is determinative of an issue necessary to the resolution of Plaintiff's

Section 1983 due process claim—*i.e.*, whether Plaintiff has a state-created property right—and the

issue helps to define the future course of the case.   *Cf. Reese*, 2012 WL 6553794, at *1; *Schlieter*,

775 P.2d at 710-11.   If Plaintiff does not possess a state-created property right to indemnification,

then Plaintiff cannot sustain a Section 1983 claim premised upon a violation of the Fourteenth

Amendment's due process clause due to Defendant's denial of his indemnification request.

Although Plaintiff argues that RMD did not offer to provide a defense in all matters, a substantial

portion of Plaintiff's claim appears to be based upon his interpretation of Section 22-11-13(H) to

require Defendant to indemnify him for the cost of his privately-retained counsel even though

RMD offered to provide him with a defense.   The Supreme Court of New Mexico requires only

that its answer would dispose of a pivotal issue that defines the course of the case.   *See id*.   The

Court concludes that the Supreme Court of New Mexico would likely conclude that resolution of

the question proposed would dispose of a pivotal issue worthy of certification.

Furthermore, although Plaintiff argues that a controlling statute is on point, the Court

concludes that Section 22-11-13(H) does not directly answer the question posed.   While the plain

language of Section 22-11-13(H) provides for broad indemnification to board members for all

losses, including attorney's fees, a question exists whether this right to indemnification yields

when construed in the context of the state's broader statutory scheme, including the duty to defend

provisions in the NMTCA.   *See supra* at 14-17 (explaining, but not deciding, that if the duty to

indemnify created in Section 22-11-13(H) and duty to defend created in Section 41-4-4 are *in pari*

*materia*—or, of the same class of things—and if the statutes cannot both be read to give full

meaning to each provision, then one section may be interpreted in light of the other and not

pursuant only to its plain language).   The Court further concludes that no controlling appellate

opinion answers the question posed.   Thus, the New Mexico Supreme Court would not likely decline certification on the ground that the answer to the question is found in controlling authority.

The Supreme Court of New Mexico also has noted that, in deciding whether to answer a certified question, the court has "limited [its] acceptance of certifications prior to judgment to those cases in which there is no dispute over the factual predicates to the Court's determination of the questions certified there are no disputes over the factual predicates to the question proposed for certification."  *Schlieter*, 775 P.2d at 710-11.   Although Plaintiff argues that a dispute of facts exists, the Court concludes that these disputes do not relate to the factual predicates of the question posed for certification and therefore would not likely discourage the New Mexico Supreme Court from answering the proposed question.

Plaintiff argues, for example, that RMD denied his request for a defense during the initial stages of one of the civil lawsuits against him as well as during the entirety of the criminal and administrative investigations.   Plaintiff maintains that he was forced to retain private counsel or remain unrepresented in these matters.   To the extent that the parties dispute whether Defendant offered to provide Plaintiff with a defense for these matters, the Court concludes that this dispute does not concern a factual predicate to the question proposed for certification.   The question posits whether Section 22-11-13(H) obligates Defendant to reimburse Plaintiff "where the Risk Management Division has *provided or offered to provide* legal representation to Mr. Malott in the matters in which he retained that private counsel."   Mot. to Certify at 2 (emphasis added).   This question necessarily assumes that RMD offered to provide a defense to Plaintiff, and therefore the New Mexico Supreme Court's answer to that question does not apply to matters in which RMD did not offer to provide a defense.   Plaintiff further contends that a factual dispute exists because RMD did not provide a defense regarding Plaintiff's personal interests.   To the extent Defendant

disputes this alleged fact, the Court likewise concludes that this dispute, which regards a matter in which RMD did not offer to provide a defense, does not concern a factual predicate to the question proposed for certification.

There is no dispute that RMD offered to provide and/or provided a defense to Plaintiff in several of the matters for which he seeks indemnification from Defendant for the cost of his privately-retained counsel.   It is this undisputed fact—and not the facts that Plaintiff argues are in dispute—which provides the factual predicate to the question certified.   Because this predicate is undisputed, the Court concludes that the Supreme Court of New Mexico would not likely decline certification on the ground that the factual predicate to the question certified is in dispute.

In deciding whether to accept certification, the Supreme Court of New Mexico also considers the "prospects for judicial economy," *Schlieter*, 775 P.2d at 713 (recognizing that federal courts are encouraged to certify novel questions when it will promote judicial economy) (citation omitted), and the avoidance of protracted litigation in federal court, *see Amoco Prod. Co. v. Action Well Serv., Inc.*, 755 P.2d 52, 56 (N.M. 1988) ("Whereas the federal district court of New Mexico has traditionally sought our judgment in cases of first impression, this time it did not, resulting in protracted litigation in the federal courts which was unnecessary," and which ultimately advanced an interpretation of a state statute contrary to the New Mexico Supreme Court's subsequent interpretation).   The Court believes that the Supreme Court of New Mexico would likely determine that certification would advance judicial economy, because certification would eliminate the need for protracted federal litigation regarding this novel state law question of first impression and would promote a cooperative federalism by permitting the Supreme Court of New Mexico to decide the judicial policy of its own state.   *Cf. Reese*, 2012 WL 6553794, at *1 (certification of questions concerning close and important questions of state policy "'give[s]

21

meaning and respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state . . . courts'") (quoting *Pino*, 507 F.3d at 1236).

Finally, the Supreme Court of New Mexico advises that "in all certifications the issue should present a significant question of law under the New Mexico Constitution or be one of such substantial public interest that it should be determined by this Court." *Schlieter*, 775 P.2d at 713. The Court concludes that Supreme Court of New Mexico likely would conclude that the question proposed meets this standard. The payment of the expenses of a member of the board of the NMERB pursuant to Section 22-11-13(H) comes from the Educational Retirement Fund, *see* N.M. Stat. Ann. § 22-11-13(H), which is the same fund from which New Mexico's educational retirees draw their benefits. Defendant argues, and the Court agrees, that the assets of the Fund are held in trust, that Defendant acts as a fiduciary in administering the Fund, and that expenditures from the Fund for anything other than the benefit of retirees presents a question of substantial public importance best addressed by the New Mexico Supreme Court.

For the foregoing reasons, the Court concludes that the question proposed—*i.e.*, whether Section 22-11-13(H) grants a board member a right to indemnification for the cost of private counsel when the state offers to provide a defense—meets the Tenth Circuit's standard for certification and that the New Mexico Supreme Court would likely conclude that the question meets its criteria for certification as well. The Court therefore grants Defendant's motion to certify this question to the Supreme Court of New Mexico.

Although the Court grants Defendant's motion to certify its first proposed question, the Court is not equally persuaded that Defendant's remaining two proposed questions merit certification. Defendant asks the Court to certify the questions whether "§ 22-11-13(H)

provide[s] for indemnification of an entity in which an Education Retirement Board member has an ownership interest when that entity is sued as a result of decisions made or actions taken by that member," and whether "§ 22-11-13(H) provide[s] for indemnification in actual or potential criminal matters."   Mot. to Certify at 2.

The Tenth Circuit has suggested that certification is particularly appropriate where "the legal question at issue is novel and the applicable state law is unsettled."   *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).   The Tenth Circuit has warned, however, that a federal court should not seek certification "every time an arguably unsettled question of state law" arises, and that a federal court with "a reasonably clear and principled course[ should] seek to follow [that course]" itself instead of seeking certification.   *Pino*, 507 F.3d at 1236; *accord Reese,* 2012 WL 6553794, at *1. Applying this guidance, the Court concludes that Defendant's proposed second and third questions for certification are not appropriate, because the questions do not implicate an unsettled question of state law, but rather are answered by the plain language of Section 22-11-13(H).

The second proposed question asks whether Section 22-11-13(H) provides for indemnification of an entity in which a NMERB board member has an ownership interest when that entity is sued as a result of decisions made or actions taken by that member.   Section 22-11-13(H) expressly provides that "[m]embers of the board, including any designee authorized by Paragraph (1) or (2) of Subsection B of Section 22-11-3 NMSA 1978, jointly and individually, shall be indemnified . . . by the state."   N.M. Stat. Ann. § 22-11-13(H).   The designees authorized by Subsection B of Section 22-11-3 are limited to "a designee of the secretary [of education] who . . . is a resident of New Mexico; . . . is a current employee of the public education department; and . . . possesses experience relevant to the financial or fiduciary aspects of pension or investment

fund management" or "a designee of the [state] treasurer who . . . is a resident of New Mexico; . . . is a current employee of the state treasurer's office; and . . . possesses experience relevant to the financial or fiduciary aspects of pension or investment fund management."   N.M. Stat. Ann. § 22-11-3(B)(1) & (2).   An entity in which a NMERB board member has an ownership interest does not fall within the ambit of the statute.   Because the plain language of the indemnification statute only requires the state to indemnify board members or their Section 22-11-3(B) designees, the Court concludes that the law is not unsettled on the question whether Section 22-11-13(H) provides for indemnification of an entity in which a NMERB board member has an ownership interest.   *Cf. Pino*, 507 F.3d at 1236 (certification is appropriate when the state law is unsettled); *Allstate Ins. Co.*, 920 F.2d at 667 (same).

The third proposed question is likewise answered by the plain language of the indemnification statute.   Defendant asks the Court to certify the question whether Section 22-11-13(H) provides for indemnification in actual or potential criminal matters.   Section 22-11-13(H) provides that the state shall indemnify board members from "*all* claims, demands, suits, actions, damages, judgments, costs, charges and expenses, including court costs and attorney fees, and against *all* liability, losses and damages of *any nature whatsoever* that members shall or may at any time sustain by reason of any decision made in the performance of their duties."   N.M. Stat. Ann. § 22-11-13(H).   The statute does not limit indemnification to civil matters but rather provides for the indemnification from "all" claims or suits and "all" liability, losses, and damages "of any nature whatsoever."   *Id.*   This language is sufficiently broad to permit indemnification of a board member for losses and damages sustained as a result of actual or potential criminal charges, provided the charges result from a decision the member made in the performance of his or

her duties.[5]   Because the plain language of the statute answers the question Defendant poses, the Court denies Defendant's request to certify its third question to the New Mexico Supreme Court.

II.     <u>Motion to Stay</u>.

If the Court grants Defendant's request for certification, Defendant also asks the Court to stay this matter pending receipt of a rejection by the Supreme Court of New Mexico of the question certified or a response by the Supreme Court to the question certified.   The Court has granted Defendant's request to certify one of the three questions proposed to the Supreme Court of New Mexico, but denied Defendant's request to certify the remaining two questions.   Based upon the facts before the Court, it appears that at least some of Plaintiff's claims are unrelated to the one question certified.   Plaintiff contends, for example, and Defendant does not dispute, that RMD did not provide or offer to provide a defense with respect to the criminal and administrative proceedings against Plaintiff.   Plaintiff also maintains that in at least one of the civil lawsuits RMD declined to provide a defense during the initial stages of the litigation.   Because the question certified addresses only matters in which RMD provided or offered to provide a defense, the matters in which RMD did not provide or offer to provide a defense would not be impacted by the Supreme Court of New Mexico's response to the question certified.   Thus, while resolution of the question certified in Defendant's favor would render Plaintiff's claims futile to the extent they are premised upon Plaintiff's retention of private counsel on matters for which RMD offered to provide a defense, it would not negatively impact Plaintiff's claims to the extent they involve

---

[5]     The   Court   addresses   only   whether   Section   22-11-13(H)—considered   in isolation—provides for indemnification for actual or potential criminal matters.   As the Attorney General Opinion suggests, indemnification for criminal acts may not otherwise be authorized under New Mexico law, if, for example, the facts demonstrate that a public official was convicted of a crime.   *See* N.M. Att'y Gen. Op. No. 10-05, at 8 (Dec. 3, 2010), attached as Exh. 1 to Mot. to Certify.

matters for which RMD did not offer to provide a defense.

Under these circumstances, a partial stay of the proceedings is conceivable.   It is unclear, however, whether a partial stay would be practicable or whether it would impede economy for the parties and the Court.   Plaintiff presents no argument to oppose a stay, *see generally* Resp., but rather only states in conclusory form that the Court should deny the motion for stay, *see id*. at 2.   It is not the role of the Court to advance arguments on behalf of a party.   This is particularly true here, because Plaintiff has not set forth any argument in favor of a partial stay and Defendant has not had the opportunity to advance any argument in opposition to a partial stay.   The Court therefore concludes that, on the facts before the Court, a stay of all matters in this proceeding is appropriate pending the Supreme Court of New Mexico's decision to reject or answer the question certified.

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that Defendant's Motion to Certify Questions to the New Mexico Supreme Court and for Stay, filed July 30, 2013 [Doc. 33], is hereby granted in part as follows:

(1)     The Court grants Defendant's motion to certify the following question to the Supreme Court of New Mexico for decision:   "Is a board member of the New Mexico Educational Retirement Board entitled to indemnification pursuant to New Mexico Statutes Annotated Section 22-11-13(H) for expenses incurred by private counsel hired by the board member to defend the board member from a covered "claim[], . . . suit[, or] action" within the meaning Section 22-11-13(H), assuming the expenses were sustained by reason of a decision made in the board member's performance of his duties, when the New Mexico Risk Management Division provided and/or offered to provide legal representation to the

26

board member for the matters in which he retained private counsel?"   The Supreme Court of New Mexico should not be bound by the Court's construction of the question certified but rather may reformulate the question in its discretion.   The Court directs the Clerk of the United States District Court for the District of New Mexico to forward a certified copy of this certification order, together with a copy of the briefs filed in this Court, to the Supreme Court of New Mexico.   The briefs contain the names and addresses of counsel of record.   This Memorandum Opinion and Order sets forth the facts relevant to the question certified, showing fully the nature of the controversy out of which the question certified arose.

(2)     The Court denies Defendant's motion to certify the remaining two proposed questions to the Supreme Court of New Mexico.

(3)     The Court grants Defendant's motion to stay.   The Court abstains from consideration of all matters in this proceeding until such time as the Supreme Court of New Mexico either rejects or answers the question certified.   The stay shall be effective as of the date of the filing of this Memorandum Opinion and Order.   All deadlines expiring prior to entry of this Order shall remain in full effect.   The parties shall provide the Court with a joint report on the status of the state court proceeding every 120 days until such time as the Supreme Court of New Mexico either rejects or answers the question certified.   Upon rejection or answer from the Supreme Court of New Mexico, the Court will enter a new scheduling order.

Dated this 27th day of January 2014.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

27